## POLLARD, ET AL. v. MURRELL.

1. A covenant to sue certain persons to insolvency, does not require a suit to be brought, if the person to be sued absconds from the State, and in such a case proof of the insolvency of the party will be sufficient.
2. To establish the fact of insolvency under this covenant, it is not necessary to do more than to exhaust the usual remedies provided by law for the collection of debts—it is not necessary to sue out a *ca. sa.* since the passage of the act abolishing imprisonment for debt—or to proceed against the sheriff for a false return.
3. An allegation in a bill in chancery that a person had been sued to insolvency, is not established by proof that he had left the State insolvent.

ERROR to the Chancery Court of Mobile.

This bill was filed by the defendant in error, to foreclose a mortgage executed by Pollard to Murrell, to secure the payment of a note executed by Edwin Haniman to Joseph Bates, by him endorsed to John Pollard, and by him to the defendant in error. The mortgage contains a proviso, that the mortgagee "shall be debarred from his remedy on the mortgage, until he shall have sued Haniman & Bates to insolvency." The bill alleges that Haniman & Bates have been sued to insolvency.

The proof by the sheriff shows, that he returned an execution against Bates, in favor of Murrell, no property found—and that he was reputed to be insolvent. That Haniman had left the State, notoriously insolvent. Proof was introduced by the defendants, to show that Bates was solvent, and able to pay the amount of the note.

The chancellor considering the allegations of the bill to be proved, made a decree foreclosing the mortgage, and ordering a sale of the lands. To revise this decree, this writ is prosecuted.

DARGAN, for plaintiffs in error.—There is no evidence that any suit was brought against Haniman, nor any sufficient proof of any suit against Bates, which could only be established by the record.

The insolvency of Bates & Haniman, is not established by the return of the sheriff, of no property found, as the proof shows that Bates is able to pay, and the presumption ts, therefore, repelled.  [19 Johns. 345; 1 Bay, 69; 2 Porter, 401.]

GIBBON, *contra.*—The proof shows that Haniman left the State insolvent, and that Bates has been sued to a return of no property, by the sheriff. If the evidence of the suit against Bates was considered insufficient, from not being the best evidence in the power of the party to produce, it should have been objected to in the court below.

ORMOND, J.—By the covenant in the mortgage, Murrell undertook to sue Haniman and Bates to insolvency, before he resorted to his right of enforcing the mortgage on the land. The meaning of this certainly is, that he shall exhaust the ordinary legal remedies provided for the collection of debts before proceeding on his mortgage. In Trotter v. Crockett, [2 Porter, 410,] it was held that judicial insolvency could only be ascertained by issuing a *capias ad satisfaciendum.* At the time that decision was made, a *ca. sa.* issued as a matter of course, upon the request, or by the direction of the plaintiff, but by the act passed February 1, 1839, to abolish imprisonment for debt, this process cannot issue but in certain cases, and not then, without an affidavit, which it may not be in the power of the party to make.— Nor is it necessary that proceedings should be instituted against the sheriff, to ascertain v hether his return is not false; all that was contemplated by the covenant was, that a suit should be instituted against Bates & Haniman, and the usual process of the law resorted to, to recover the debt.

If, however, it was impossible to sue one or both the parties, from his removal from the State, his insolvency could be ascertained in some other mode, and such an allegation would dis-

pense with the necessity of proving that a suit had been brought. Such has been our interpretation of the statute, defining the remedy on assigned notes and obligations. That, although the act requires the maker to be sued to the first court after the note falls due, to hold the assignor responsible: yet, if from the absence of the maker from the State, the suit cannot be brought against him, it would be dispensed with. [Woodcock v. Campbell, 2 Porter, 456.] When parties within this State, stipulate that a suit shall be brought, they must be understood as referring to our own tribunals, and if this becomes impossible, without the act of the party who is to bring the suit, he is discharged from the performance of the covenant. The meaning of the covenant is, that he will bring the suit if in his power to do so; it is not an undertaking to do so at all events, as a condition precedent to his right to recover on the mortgage.

It is alleged in the bill, that suit was brought against Haniman, and that he was prosecuted to insolvency, and in our opinion, this allegation is not sustained by proof that he absconded from the State insolvent, and that suit could not, therefore, be brought against him. If the prosecution of a suit became impossible from the absconding of the person to be sued from the State, the fact should have been stated as an excuse for not suing. This has been the decision under the act of 1828, regulating the liability of endorsers of paper not mercantile, before referred to, which is precisely analagous to this covenant. This is not like the case of an averment in a declaration on a bill of exchange, of due notice of its dishonor, which would be satisfied by proof against the maker, that he had no effects in the hands of the drawee, because his knowledge of the fact, is notice.

In regard to the sufficiency of the proof against Bates, we consider the answer of the counsel for the defendant in error, as conclusive. The record of the suit against Bates, was the best evidence of the fact, that a suit had been brought, and this the party had a right to insist on, but if he permitted inferior testimony of the fact to be given in evidence in the court below, he must be understood as waiving all objection to it on that score, and cannot make it here. This has been repeatedly held by this court, and the rule is the same in equity as at law. The injustice of permitting the objection to be made here, will be apparent when we consider, that if it had been made in the primary court, it could

have been immediately removed by the production of the record, and probably was not made for that reason.

The decree of the chancellor is reversed, and the cause remanded, that the complainant may obtain leave to amend his bill, if he thinks proper to do so.